# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**VS.**  **CASE No. 4:17-CR-131**

**CHARLINE BRANDON**

## MOTION TO CERTIFY CASE AS COMPLEX, TO CONTINUE AND TO RESET PRETRIAL DEADLINES

**COMES NOW** the Defendant, Charline Brandon ("Brandon"), by and through her retained counsel of record, and pursuant to 18 USC, §3161(h)(7)(B)(ii), and other applicable law, moves this Court to certify the within cause as "extended and/or complex" for the following reasons set forth herein; in addition with the certification of said cause as "extended or complex" to continue and to extend all pretrial deadlines heretofore set by this Court; showing as follows:

1.

All defendants to this cause and the Government have advised counsel that they do not oppose this Motion for certification and to continue.

2.

Moreover, given the number of defendants in this cause, the complexity of the evidence, the volume of discovery (600,000 documents to be delivered in an electronic format) the Defendant respectfully requests and would show that it is not reasonable to expect that the defendants in this cause can adequately prepare for trial within the time mandated by the Speedy Trial Act and consistent with this Court's Scheduling Order.

Therefore, and respectfully, the Defendant asks that the matter be certified as complex, the trial date continued and the resetting of motion deadlines consistent with

the complex nature of this cause.

3.

## CASE LAW

The Speedy Trial Act governs the time limits of when a trial of a defendant must commence. 18 USC §3161. Certain grounds may serve as a basis for excluding particular periods of delay when computing the time period within which a trial must be commenced; see generally 18 USC §3161(h); *Zedner v. United States,* 547 US 489, 126 S.Ct. 1976, 1983, 164 L.Ed. 2d 749 (2006); *United States v. Jones,* 56 F.3d 581, 583 (5th Cir. 1995).

A court may consider the complexity of a case as a factor in determining the "ends of justice." 18 USC §3161(h)(8)(B)(ii), (iv). In determining complexity, courts often evaluate "the number of defendants, the nature of the prosecution, or the existence of novel questions of law or fact." Id.

4.

## THIS CAUSE IS COMPLEX, THERE ARE A NUMBER OF DEFENDANTS AND WITH EXTENSIVE DISCOVERY

The Indictment in this cause charges four (4) defendants in 13 Counts and spanning a period of 10 years. The Counts allege violations of 18 USC, §1347, 1349.

If anyone of the defendants is convicted, the penalties are severe.

5.

The discovery associated with the within charges is extensive. Counsel will soon be provided that discovery pursuant to this Court's Scheduling Order. Counsel for the defendants have been advised by the Government that the discovery consists of some 600,000 documents; much of which contain volumes of information, complex medical

information and other documents which will require extensive review and analyzation. Moreover, this discovery is being presented in an electronic format which requires expertise in reviewing, accessing, printing and reviewing in an electronic format which is significantly different than "paper" discovery.

6.

The Defendant estimates that the trial of this cause could last at least ten (10) to fifteen (15) days.

7.

**PRETRIAL MOTIONS AND DISCOVERY**

Given the number of defendants, the crimes charged, the complexity of the evidence, the amount of evidence/discovery to be reviewed, and the penalties associated with the charges, Defendant reasonably anticipates that a substantial number of evidentiary issues will be raised via pretrial suppression, motions and other legal challenges – all of which must await the review of the many, many documents which will be presented in discovery and to consider these evidentiary issues.

8.

**PROTECTIVE ORDER**

The Government has applied for a Protective Order (Doc. 24). Defendants have advised the Court that they have no objection to the entry of an Order of Protection.

Given the protection to be provided by the Court, defense counsel and defendants must be mindful of the Court's Order, which will add an additional layer of complexity to the reviewing discovery and/or interaction with defendants when their counsel does review the discovery and/or evidence in this cause.

## MOTION TO CONTINUE AND TO EXTEND PRETRIAL DEADLINES

9.

The certification of this cause as complex will permit this Court to exclude periods of delay when computing the time period within which a trial must commence consistent with the Speedy Trial Act. Clearly this cause represents "complex litigation."

10.

Counsel is duty bound to adequately prepare for trial. This preparation being absolutely necessary for the adequate representation of the Defendant, and so that the Defendant will have full access to counsel and to a fair trial before this Court.

11.

That the Defendant respectfully requests that upon certification of this matter as complex, the Court will continue this cause as set for trial pursuant to the original Scheduling Order entered (Doc. 22) and to thereafter extend the pretrial discovery deadline as heretofore entered in the aforesaid document.

12.

That the Defendant, through counsel, does not bring this Motion for purposes of delay, but in order that justice might be done.

13.

Finally, and as previously stated, the Government has no objection to this Motion.

**WHEREFORE, PREMISES CONSIDERED,** the undersigned respectfully requests that this cause be certified as complex, that the trial date set in this cause be continued and that the pretrial deadlines as heretofore set be extended.

**RESPECTFULLY SUBMITTED**, this the 28th day of November, 2017.

/s/ Gerald H. Jacks
**GERALD H. JACKS, MSB #3232**
**Attorney for Defendant, Charline Brandon**

/s/ Gaines S. Dyer
**GAINES S. DYER, MSB #6255**
**Attorney for Defendant, Charline Brandon**

/s/ John H. Daniels, III
**JOHN H. DANIELS, III, MSB #5787**
**Attorney for Defendant, Charline Brandon**

OF COUNSEL:

JACKS LUCIANO, P.A.
P. O. Box 1209
Cleveland, MS 38732-1209
Telephone: (662) 843-6171
Facsimile: (662) 843-6176

DYER, DYER, JONES & DANIELS, P.A.
149 North Edison Street
Post Office Box 560
Greenville, MS 38702-0560
Telephone: (662) 378-2626
Facsimile: (662) 378-2672



## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Clayton A. Dabbs, Esq.

Robert J. Mims, Esq.

Edward J. Bogen, Jr., Esq.

Whitman D. Mounger, Esq.

Gerald H. Jacks, Esq.

Philip Mansour, Jr., Esq.

/s/ John H. Daniels, III
JOHN H. DANIELS, III, MSB #5787