IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                    CRIMINAL CASE NO. 4:17-CR-131-DMB-JMV

SCOTT E. NELSON
CHARLINE BRANDON, a.k.a. Hadiya Imani El Bey
WENDELL BRANDON, a.k.a. Omari Ibrahim El Bey
ANNETTE LOFTON

## GOVERNMENT'S RESPONSE TO NELSON'S MOTION TO DISMISS COUNTS TWO, THREE, FIVE, SIX, SEVEN AND ELEVEN OF THE INDICTMENT

Comes now the United States of America by and through the United States Attorney for the Northern District of Mississippi and files this the Government's Response and Memorandum in opposition to Defendant SCOTT NELSON'S Motion to Dismiss and would respectfully show unto the Court the following:

## INTRODUCTION AND BACKGROUND

The defendant, DR. SCOTT NELSON, is charged in each count of the thirteen count Indictment for his role in a scheme to defraud Medicare in connection with fraudulent billings for hospice services for patients that were not terminally-ill and did not qualify for hospice.

DR. NELSON was not a hospice owner, but was a medical doctor who served as the medical director for the various hospices named in the Indictment and is charged with participating in the fraudulent scheme by certifying and re-certifying patients for hospice that were not terminally-ill.

Count One of the Indictment charges conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349 and lays out the allegations of the scheme. The scheme, as described in Count

One, is re-alleged in Counts Two through Thirteen of the Indictment, which charge separate violations of healthcare fraud, 18 U.S.C. § 1347.

DR. NELSON has filed a Motion to Dismiss and a supporting Memorandum asking the Court to dismiss Counts Two, Three, Five, Six, Seven, and Eleven on grounds that the statute of limitations ran on those charges prior to the date of the Indictment on November 3, 2017.[1]

DR. NELSON bases his claim on the fact that his certification of the patients listed in Counts Two, Three, Five, Six, Seven, and Eleven occurred more than five years prior to November 3, 2017. DR. NELSON does not dispute that claims were submitted to Medicare within the five-year statute of limitations period.

**ARGUMENT**

In his Motion and supporting Memorandum, DR. NELSON primarily relies on one case: *United States v. Rabhan*, 2007 WL 9627795, *2 (N.D. Miss. 2007) (unpublished). The *Rabhan* decision was summarily reversed on appeal and has no application whatsoever to the present case. In *Rabhan*, the District Court incorrectly found that an aiding and abetting charge triggered the application of the general five-year statute of limitations period found in 18 U.S.C. § 3282(a) rather than the ten-year statute of limitations period provided by the underlying statute, 18 U.S.C. § 1014. *See Rabhan*, 2007 WL 9627795, *2. Following the District Court's decision, the government filed an interlocutory appeal, and the Fifth Circuit reversed the District Court, finding that the ten-year statute of limitations period should apply regardless of whether a defendant is charged with aiding and abetting. *See United States v. Rabhan*, 540 F.3d 344, 351 (5th Cir. 2008) ("We hold that the ten-year statute of limitations for 18 U.S.C. § 1014 as contained in 18 U.S.C. § 3293 applies to a

---

[1] Importantly, DR. NELSON does not challenge the validity of the conspiracy count charged in Count One and does not allege that the statute of limitations has run on Counts Four, Eight, Nine, Ten, Twelve or Thirteen.

charge through 18 U.S.C. § 2 of aiding and abetting a violation of § 1014. Accordingly, the July 18, 2007, order of the district court is reversed…).

Regardless of the invalidity of the opinion cited by DR. NELSON, the *Rabhan* case addressed an entirely different issue than the present case before this Court. In *Rabhan*, the question was which statute of limitations should apply, five years or ten years. In the present case, there is no dispute about the length of the statute of limitations. The limitations period for an 18 U.S.C. § 1347 charge is five years. *See* 18 U.S.C. 3282(a); *see also United States v. Holden*, 806 F.3d 1227, 1232 (9th Cir. 2015).

The question before this Court is how to apply the five-year limitations period to the scheme to defraud Medicare as charged in the Indictment. In each count of the Indictment challenged by DR. NELSON, the scheme to defraud Medicare is plainly described to include fraudulent claims submitted to Medicare within five years of the date of the Indictment. Accordingly, the scheme charged in each count continued into the five-year limitations period and satisfies the statute of limitations. The Motion to Dismiss should be denied.

Healthcare fraud is a continuing offense that "punishes executions or attempted executions of schemes to defraud, and not simply acts in furtherance of the scheme." *United States v. Hickman*, 331 F.3d 439, 446 (5th Cir. 2003); *see also Holden*, 806 F.3d at 1231 (citing *Hickman*: "The Court there held that § 1347 is a continuing offense."). "[A]lthough the crime of health care fraud is complete upon the execution of a scheme, any scheme can be executed a number of times, and each execution may be charged as a separate count." *Id*.

In the case of a continuing offense, "it is only after this ongoing course of conduct is complete that the 'crime is complete' for statute of limitations purposes." *Holden*, 806 F.3d at 1231 (citing *Toussie v. United States*, 397 U.S. 112, 115 (1970). In *Holden*, similar to the claim

made by DR. NELSON, the defendant argued that her charges were time-barred where some acts in the scheme fell outside the statute of limitations. *Id.* The Ninth Circuit held that the charges satisfied the statute of limitations since the defendant's final fraudulent claim was submitted within the five-year limitations period. *Id.* at 1232 ("[W]e hold that the government may charge a single health care fraud scheme in violation of 18 U.S.C. § 1347 even when several acts in furtherance of the scheme fall outside the statute of limitations.").

The fact that DR. NELSON did not personally submit the claims to Medicare is immaterial to whether the statute of limitations is satisfied. DR. NELSON'S certification of patients as terminally-ill was an act in furtherance of the scheme charged in the indictment but it was not the entire scheme. The entire scheme included DR. NELSON'S co-defendants, the hospice owners, then making claims to Medicare based on that certification. In each count of the Indictment, the execution of the scheme included claims submitted to Medicare within five years of November 3, 2017. Since the claims were a part of one charged scheme, each count satisfies the statute of limitations. The Motion to Dismiss has no merit and should be denied.

## CONCLUSION

Defendant SCOTT NELSON'S Motion to Dismiss should be denied.

Dated this the 24th day of January, 2018.

Respectfully submitted,
WILLIAM C. LAMAR, MS Bar No. 8479
United States Attorney


By:      */s/ Clayton A. Dabbs*
CLAYTON A. DABBS, MS Bar No. 101537
Assistant United States Attorney
900 Jefferson Avenue
Oxford, MS 38655-3608
Telephone (662) 234-3351

4

## CERTIFICATE OF SERVICE

I, CLAYTON A. DABBS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I have this day electronically filed the foregoing **GOVERNMENT'S RESPONSE TO NELSON'S MOTION TO DISMISS COUNTS TWO, THREE, FIVE, SIX, SEVEN AND ELEVEN OF THE INDICTMENT** with the Court using the ECF system which sent notification of such filing to the following:

*Philip Mansour, Jr.*
phil@mansouradams.com
*Attorney for Scott E. Nelson*

Gerald H. Jacks, Esq.
gjacks@jlpalaw.com
Christopher N. Bailey, Esq.
cbailey@jlpalaw.com
Jamie F. Jacks, Esq.
jjacks@jlpalaw.com
Gaines S. Dyer, Esq.
gsdyer@suddenlinkmail.com
John H. Daniels, III, Esq.
jhdiii@suddenlinkmail.com
J. Peirce Beach, Esq.
jpbeach@outlook.com
*Attorneys for Charline Brandon*

Edward J. Bogen, Jr., Esq.
joshbogen@aol.com
*Attorney for Wendell Brandon*

Whitman D. Mounger, Esq.
lizmounger@att.net
*Attorney for Annette Lofton*

This the 24th day of January, 2018.


/s/ Clayton A. Dabbs
CLAYTON A. DABBS
Assistant United States Attorney

5