# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.**                                                                 **CASE NO. 4:17CR 131**

**CHARLINE BRANDON**                                       **DEFENDANT**

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT CHARLINE BRANDON, MOTION TO SEVER
## PURSUANT TO RULES 8(b) AND 14

### RULE 8(b)

*Federal Rule of Civil Procedure 8(b)* reads as follows:

**Joinder of Defendants:** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All of the defendants need not be charged in each count.

The key language for analysis in this section is that the Defendants be charged with having participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. *United States v. Helms*, 897 F.2d 1293 (5th Cir. 1990).

The mere fact that Defendants are jointly indicted, though, does not end the inquiry as to whether misjoinder of parties has occurred. The indictment must show that Rule 8(b) has been satisfied. It must allege that the Defendants participated in the same act or transaction. *United States v. Lindell*, 881 F.2d 1313, 1318 (5th Cir. 1989).

Based on the foregoing, it is the position of Defendant that pursuant to Rule 8(b) that the Defendants should not be joined in the Indictment.

Conversely, *Federal Rules of Criminal Procedure 14(a)* reads as follows:

**(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Pursuant to Rule 14 of the *Federal Rules of Criminal Procedure*, the Defendant, Charline Brandon ("Defendant"), has moved for severance contending that the joinder of the parties is unduly prejudicial. See United States v. Holloway, 1 F.3d 307, 310 (5th Cir. 1993).

The standard of prejudicial joinder relates wholly to an exercise of discretion as to whether the severance is proper. Based on the foregoing, there would he actual prejudice resulting from a joint trial of Defendants. There would be a spillover effect of the evidence from the alleged criminal activity.

The many and different issues alleged will substantially prejudice the Defendant and while it would be economical to try the Defendants together, it would certainly not serve the interest of the Defendant and therefore a severance should be granted.

While Rule 8 permits the Joinder of Defendants in a single Indictment, Rule 14(a) provides the afforded relief to sever those Defendants.

The hallmark of review is the prejudice to the Defendant. In the case-at-bar, the prejudice to the Defendant is clearly set forth in the manner in which the Indictment is presented and the manner in which the cause shall be presented at trial. This prejudice is demonstrated clearly in the opening introduction to the Indictment set forth in Paragraphs 2 and 4 thereof; as according to the Indictment, the Defendant owned and operated Genesis Hospice and thereafter is alleged to have been the owner in fact of

several other hospices operated in the Northern District, to-wit: Haven Hospice, North Haven Hospice, Lion Hospice and North Lion Hospice.

Any jury, notwithstanding limiting instructions, will be confused (thus substantial prejudice will be visited upon the Defendant) with the introduction of evidence concerning the operation of the various hospices when some where allegedly owned years ago by the Defendant and others were her alleged alter ego. This confusion will be substantially multiplied with the evidence as to activities of other Defendants, to-wit: Dr. Scott Nelson, Wendell Brandon, Annette Lofton and those named but not included as Defendants in the Indictment. (See as example Paragraphs 6 and 7 of Count I of the Indictment under the heading "Introduction").

The spillover effect of evidence that the Government may introduce at trial is an additional factor warranting a severance.

As a copy of the Indictment is attached as Exhibit "A" to Defendant's Motion to Sever — it is necessary to review this document as to the charges alleged by the Government.

The propriety of joinder is always determined on the basis of the allegations in the Indicment; see generally *United States v. Pettigrew*, 77 F.3d 1500 (5th Cir.1996).

The Indictment contains thirteen (13) separate Counts, with four (4) Defendants charged – all with health care fraud, either in the operation of a hospice or in rendering professional advice in connection with hospice care. The Defendants are Dr. Scott Nelson, Charline Brandon, Wendell Brandon and Annette Lofton.

The Indictment contains an Introduction, Medicare/Medicare Programs and Hospice Care, Conspiracy to Defraud Medicare/Medicaid, Manners and Means of the

Conspiracy, Overt Acts, and then general healthcare fraud as set forth in Counts Two through Ten (2-10) and Eleven through Thirteen (11-13).

Count One (1) (Healthcare Fraud Conspiracy) contains allegations as to all Defendants – however, Counts 11 through 13 <u>do not name the Defendant Charline Brandon but only name the Defendants, Dr. Scott Nelson and Annette Lofton.</u> (Emphasis ours).

Moreover, and clearly delineated in the Indictment are the allegations as to Lofton and Dr. Nelson as contained in Count One, which is specific as to Conspiracy, Manner and Means, Overt Acts and the like.

In the charging document there are also persons named, but not indicted. In Count One the Government makes allegations totally separate as to the Defendant Lofton, who, in no way was connected with the Defendant Brandon; as Lofton operated a hospice named Zion Hospice, a hospice in no way connected with, owned by or participated in by the Defendant. See Paragraph 5, page 2, of Exhibit "A."

In Paragraphs 13, 14 and 15 of page 4 of the Indictment, the allegations therein state that the various hospices submitted claims to Medicare/Medicaid that were supported by alleged "false claims" of the Defendant, Dr. Nelson.

While the Indictment alleges a conspiracy between the Defendants – it is not a conspiracy alleged between the Defendant and Lofton; but, a conspiracy alleged between Brandon and Dr. Nelson, and then between Lofton and Dr. Nelson.

Apart from those allegations, the charges made in the Indictment cease at that point and alleged separate crimes by the various Defendants. Again, allegations separate from the various Defendants.

There will be at trial, competing defenses – which will amount to substantial prejudice to the Defendant at a joint trial with Dr. Nelson and the Defendant Lofton.

It is incumbent upon the Defendant to demonstrate that the core of a co-defendant's defense is irreconcilable with her defense, as the following perfect storm will exist, to-wit: accepting the co-defendant's theory may preclude the acquittal of the Defendant or better said, the acquittal of the co-defendant could call for the conviction of the Defendant.

The operation of Lofton's hospice, Zion Hospice, has nothing to do whatsoever with the operation of any other hospices alleged to have been owned, operated or affiliated with the Defendant. What more confusion would you need in a joint trial of these Defendants. Equally important, is that the alleged relation of Dr. Nelson and Lofton has nothing to do with any alleged relation of Dr. Nelson and the Defendant. See generally *United States v. Daniels,* 281 F.3d 168, (5th Cir.).

The Government cannot support at trial nor can they separate the proof as to Lofton, the Defendant, the Defendant Wendell Brandon and the relation, if any, between Lofton, Dr. Nelson, and/or the Defendant. The Government cannot support at trial nor can they separate all of the inter-working of the various hospices and Dr. Nelson.[1]

The Court must ask itself the following questions, to-wit: What do the allegations of Dr. Nelson and Lofton (Zion Hospice) have to do with the Defendant Brandon? The answer is "nothing."

There is no conspiratorial link between these Defendants, i.e. Lofton and/or Brandon.

---

[1] This fact alone will totally confuse the jury – even though the Court may instruct the jury as to the separate issues involving the Defendants.

Out of an abundance of caution, the Defendant should be separated, severed from the other Defendants and afforded a separate and distinct trial. Again, the spillover effect of the confused allegations will bear upon the extreme prejudice which will be visited upon the Defendant.

For the reasons set forth herein, and in Defendant's Motion, the Defendant should be afforded a separate trial.

Respectfully submitted, this the 7th day of June, 2018.

                **CHARLINE BRANDON, DEFENDANT**

                By: /s/ John H. Daniels, III
                    JOHN H. DANIELS, III, MSB #5787
                    **Attorney for Charline Brandon**

**OF COUNSEL:**

**JACKS GRIFFITH LUCIANO, PA**
**P. O. Box 1209**
**Cleveland, MS 38732-1209**
**Telephone: (662) 843-6171**
**Facsimile: (662) 843-6176**

**DYER, DYER, JONES & DANIELS, P.A.**
**149 North Edison Street**
**Post Office Box 560**
**Greenville, MS 38702-0560**
**Telephone: (662) 378-2626**
**Facsimile: (662) 378-2672**

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Clayton A. Dabbs, Esq.

Robert J. Mims, Esq.

Edward J. Bogen, Jr., Esq.

Whitman D. Mounger, Esq.

Gerald H. Jacks, Esq.

Philip Mansour, Jr., Esq.

                                        **/s/ John H. Daniels, III**
                                        **JOHN H. DANIELS, III, MSB #5787**